IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2015 OCT -6  P 3: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **Thomas Knowles,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 1:15-cv-738 |
| | ) **Plaintiff Demands Jury Trial** |
| **Capital One Services, LLC,** a domestic corporation, **Midland Funding, LLC,** a foreign limited liability company, **Equifax Information Services, LLC**, a foreign Limited liability company, **Experian Information Solutions, Inc.,** a foreign profit corporation, **Trans Union, LLC,** a foreign limited liability company | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), and other federal and state common law causes of action.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this proceeding pursuant to FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1334. Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

3. This Complaint contains both core and non core proceedings pursuant to 28 U.S.C. § 157 and 1409.

## PARTIES

4. Plaintiff Thomas Knowles, (hereinafter referred to as "Plaintiff") is a natural person and resident and citizen of Coffee County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Capital One Services, LLC (hereinafter referred to as "Capital One" or "Defendant") is a domestic corporation that regularly furnishes information on consumers to consumer reporting agencies.

6. Defendant Midland Funding, LLC (hereinafter referred to as "Midland Funding" or "Defendant") is a foreign limited liability company engaged as "debt collectors" as defined by within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and is engaged in the business of collecting debts in this State and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mail and telephone.

7. Defendant Experian Information Solutions, Inc., (hereinafter referred to as "Experian" or "Defendant") is a foreign profit corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the

state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

### Defendant Capital One and Midland Funding:

10. Plaintiff reincorporates by reference herein paragraphs one (1) through nine (9).

11. Plaintiff purchased a Yamaha Motorcycle that was financed through Defendant Capital One.

12. On November 23, 2014 Plaintiff was contacted by a male individual stating that he was interested in buying the motorcycle from the Plaintiff.

13. On November 24, 2014, Plaintiff contacted Defendant Capital One and informed them that he had an individual that was interested in buying the motorcycle and that he would be selling it to the individual.

14. On November 25, 2014, the Plaintiff, Defendant Capital One, and the individual interested in buying the motorcycle were involved in a conference call. During the

conference call, the funds for purchasing the motorcycle from the Plaintiff were being transferred to the Defendant Capital One.

15. On December 4, 2014, Plaintiff received confirmation through a letter from Defendant Capital One that the lien held by Defendant Capital One on the motorcycle had been released. *(See Exhibit A)* Plaintiff then contacted the individual to let him know that the motorcycle had been released and the individual could then pick it up. The individual took possession of the motorcycle on December 7, 2014.

16. On December 12, 2014, Plaintiff received a telephone call from Defendant Capital One stating that the Plaintiff had a balance owed for the motorcycle that was released on December 4, 2014. *(See Exhibit A)* Plaintiff then became aware that the transaction where the Plaintiff, the male individual, and Defendant Capital transferred funds to Defendant Capital One had failed to process due to the transaction being stopped by the male individual.

17. Plaintiff reported the motorcycle stolen and filed a police report with the Coffee County Sherriff's Office on December 13, 2014. *(See Exhibit B)*

18. Since the Plaintiff reported the motorcycle stolen with the Coffee County Sherriff's Office, Defendant Capital One has continued to contact the Plaintiff stating that he had a past due balance. *(See Exhibits C-G)*

19. On July 15, 2015 Defendant Midland Funding purchased the debt from Defendant Capital One. *(See Exhibit J and K)*

20. Notwithstanding the aforesaid, Defendant Capital One continues to report Plaintiff's accounts to all three of the national CRA's as having current balances due and payable. Specifically:

    a. Capital One reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, Capital One for the amount of $8,597.00 with a past due balance in the amount of $477.00. Capital One reported this balance as recently as January 20, 2015.

    b. Capital One also reported, and continues to report, to Experian that Plaintiff has an outstanding balance with, and remains personally liable to, Capital One for the amount of $8.597.00 with a past due balance in the amount of $477.00. More specifically, Capital One reports this as recently as January 20, 2015.

    c. Capital One reported, and continues to report, to Trans Union that Plaintiff has an outstanding balance with, and remains personally liable to, Capital One for the amount of $8,597.00 with a past due balance in the amount of $477.00. More specifically, Capital One reports this as of January 20, 2015.

21. Plaintiff has disputed owing the debt with each Credit Reporting Agency with the following dispute numbers given from the agencies:

    a. Equifax dispute number 5119042984. Equifax has failed to respond to the Plaintiff's dispute and it has been more than 6 weeks without a response.

    b. Experian dispute number 0529567689. Experian has provided Plaintiff with a copy of his credit report acknowledging his dispute.
*(See Exhibit H)*

    c. Trans Union did not provide a dispute number but did acknowledge Plaintiff's dispute and provided him with a copy of his credit report.
*(See Exhibit I)*

22. Defendant Capital One have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act.

23. Notwithstanding that Defendant properly update numerous accounts each month but they have intentionally, maliciously and willfully refused to do so with Plaintiff.

24. Defendant Capital One has intentionally reported inaccurate information in an effort to force or coerce the Plaintiff into paying a debt that is no longer his debt to pay.

25. Defendant knows that reporting these balances will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the release, such false information has been published to third parties.

26. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

27. Defendant's actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon released debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

28. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant, regarding Plaintiff's released debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and

physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

29. The Plaintiff has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendant's publication of this adverse credit information.

**Defendants Equifax, Experian and Trans Union:**

30. Plaintiff has disputed owing the debt with each Credit Reporting Agency with the following dispute numbers given from the agencies:

    a.  Equifax dispute number 5119042984. Equifax has failed to respond to the Plaintiff's dispute and it has been more than 6 weeks without a response.

    b.  Experian dispute number 0529567689. Experian has provided Plaintiff with a copy of his credit report acknowledging his dispute.
        *(See Exhibit H)*

    c.  Trans Union did not provide a dispute number but did acknowledge Plaintiff's dispute and provided him with a copy of his credit report.
        *(See Exhibit I)*

31. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

32. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt

reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

33. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

34. Plaintiff incorporates by reference herein paragraphs one (1) through thirty-three (33).

35. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

    b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

    c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiff; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiff.

36. Defendants have a policy to "park" their accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

37. Defendants have furnished information regarding the Plaintiff, a consumer, to one or more of the CRAs, when they had reason to know the information was inaccurate.

38. Defendants furnished this information to the CRAs after being notified by the Plaintiff that the information is inaccurate, and the information is, in fact, inaccurate.

39. Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the release of the motorcycle, such false information has been published to third parties.

40. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

41. Plaintiff has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendants had not inaccurately reported Plaintiff's credit history.

## COUNT TWO

## **DEFENDANT MIDLAND FUNDING VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.***

42. Plaintiff incorporates herein by reference paragraphs one (1) through forty-one (41).

43. Defendant Midland Funding attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, Defendant Midland Funding violated the FDCPA by taking one or more of the following actions against Plaintiff:

   a. Attempting to collect a debt by reporting and/or allegedly verifying a balance within the "Collections Account" section of at least one of Plaintiff's credit reports when there is no legal right to collect the debt;

   b. Taking illegal actions against Plaintiff;

   c. Refusing to properly update Plaintiff's accounts;

   d. Failing to show the accounts as being "disputed" by Plaintiff.

44. The foregoing acts and omissions were undertaken by Defendant Midland Funding willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

45. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

46. As a result of the above violations of the FDCPA, Defendant Midland Funding is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, civil liability [Section 813 of Pub. Law].

## COUNT THREE
## DEFENDANT CAPITAL ONE
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

47. Plaintiff incorporates herein by reference paragraphs one (1) through forty-six (46).

48. Defendant's act, as described herein, was done so negligently and without care or concern for the well-being of Plaintiff.

49. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

50. As a proximate consequence of Defendants' negligence, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT THREE
## ALL DEFENDANTS
## INVASION OF PRIVACY

51. Plaintiff incorporates by reference herein paragraphs one (1) through fifty (50).

52. Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

53. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

54. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

55. As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FOUR
### ALL DEFENDANTS
### DEFAMATION

56. Plaintiff incorporates by reference herein paragraphs one (1) through fifty-six (56).

57. Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

58. Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

59. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

60. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendants had not inaccurately reported Plaintiff's credit history.

61. As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT FIVE
### DEFENDANT CAPITAL ONE
### INTENTIONAL MISREPRESENTATION

62. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-two (62).

63. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

64. Defendant intends that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed.

65. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

66. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

67. As a proximate consequence of Defendant's intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANT CAPITAL ONE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. Plaintiff incorporates by reference herein paragraphs one (1) through sixty-eight (68).

69. Defendant's conduct, as described herein, was reckless and/or intentional, and performed with disregard for the rights of Plaintiff.

70. Plaintiff has suffered injury to his credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than he would have if Defendant had not inaccurately reported Plaintiff's credit history.

71. As a proximate consequence of Defendant's extreme and outrageous conduct, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendant are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**WHEREFORE,** Plaintiff demands judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law. Plaintiff also requests this Court, on the jury returning a verdict for the Plaintiff, to assess an attorney fee to be awarded to Plaintiff's attorney.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiff actual damages;

b) Award Plaintiff punitive damages;

c) Award Plaintiff statutory damages where applicable;

d) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 6th day of October, 2015.

*[signature]*
Thomas Knowles, Plaintiff

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

BEFORE ME, a Notary Public in and for this County and State, appeared THOMAS KNOWLES, and being duly sworn, deposes on oath and says that the foregoing responses are true and correct to the best of her knowledge, information and belief.

SWORN AND SUBSCRIBED BEFORE ME on this the 21 day of September, 2015.

*[signature]*
Notary Public, My Comm. Exp.:
MY COMMISSION EXPIRES:
November 8, 2017

*[signature]*
Bradford J. Griffin (GRI083)
*Attorney for Plaintiff*

**OF COUNSEL:**
The Law Offices of Vickers and White, PLLC
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com


**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**


Capital One Services, LLC
c/o CSC Lawyers Incorporating SVC Inc
150 South Perry Street
Montgomery, Alabama 36104

Midland Funding, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc.
150 South Perry Street
Montgomery, Alabama 36104